UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CARLA SMITH,
on behalf of herself and
all others similarly situated,

        Case No. 20-cv-421

        Plaintiff,

**COLLECTIVE AND CLASS
ACTION PURSUANT TO
29 U.S.C. §216(b) AND
AND FED. R. CIV. P. 23**

   v.

ASCENSION HEALTH ALLIANCE
d/b/a ASCENSION LIVING
101 South Hanley, Suite 450
St. Louis, Missouri 63105

**JURY TRIAL DEMANDED**

     and

ALEXIAN VILLAGE OF MILWAUKEE, INC.
9301 North 76th Street
Milwaukee, Wisconsin 53717

        Defendants.

---

## COMPLAINT

---

## PRELIMINARY STATEMENT

    1.    This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Carla Smith, against Defendants, Ascension Alliance Health d/b/a

Ascension Living and Alexian Village of Milwaukee, Inc.

2.       Plaintiff brings these FLSA and WWPCL claims and causes of action against Defendants on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt Associates of Defendants for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, Defendants operated an unlawful compensation system that deprives current and former hourly-paid, non-exempt Associates of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by shaving time from said employees' timesheets each workweek by impermissibly rounding recorded hours of work for their own benefit (and to the detriment of said employees).

3.       Defendants' deliberate failure to compensate Plaintiff and all other hourly-paid, non-exempt Associates for hours worked in such a fashion as described herein violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

4.       This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.       This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants do business, and have substantial and systematic contacts, in this District.

**PARTIES AND COVERAGE**

7.      Plaintiff, Carla Smith, is an adult female resident of the State of Wisconsin with a post office address of 9301 North 76th Street, Milwaukee, Wisconsin 53223.

8.      Defendant, Ascension Health Alliance ("Defendant Ascension"), was, at all material times herein, a Missouri entity doing business in the State of Wisconsin with a principal address of 101 South Hanley, Suite 450, St. Louis, Missouri 63105.

9.      Defendant Ascension's registered agent for service of process in the State of Missouri is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

10.     Defendant Ascension does business in the State of Wisconsin – and in other states across the United States – as "Ascension Living," which has a principal office address of 12250 Weber Hill Road, St. Louis, Missouri 63127.

11.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), "Ascension Living," or "Ascension Senior Living," was a division of Defendant Ascension.

12.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Ascension, via "Ascension Living," or "Ascension Senior Living," owned, operated, and managed over fifty (50) physical locations, or senior living "communities," across the Unites States, including in the State of Wisconsin.

13.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the physical locations, or senior living "communities," that Defendant Ascension, via "Ascension Living," or "Ascension Senior Living," owned, operated, and managed across the Unites States, including in the State of Wisconsin, offered a variety of services to seniors, including but not limited to: continuing care retirement; independent living; assisted living; memory support; skilled nursing; and rehabilitation.

14.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), all of Defendant Ascension's hourly-paid, non-exempt employees, including Plaintiff, who performed compensable work on its behalf, at its direction, for its benefit, and/or with its knowledge at the physical locations, or senior living "communities," that it owned, operated, and managed across the United States, including in the State of Wisconsin, were similarly referred to and characterized as "Associates" for employment, timekeeping, recordkeeping, and compensation purposes – despite, at times, having different job titles and/or job positions.

15.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), all of Defendant Ascension's hourly-paid, non-exempt employees, including Plaintiff, who performed compensable work on its behalf, at its direction, for its benefit, and/or with its knowledge at the physical locations, or senior living "communities," that it owned, operated, and managed across the United States, including in the State of Wisconsin, were similarly referred to and characterized as "Associates" for employment, timekeeping, recordkeeping, and compensation purposes because said employees – regardless of the job title, job position, and/or location at which they worked – all similarly performed compensable work as part of Defendant Ascension's senior living services at each of its locations and were all similarly subject to (and

victims of) Defendant Ascension's centralized employment, timekeeping, recordkeeping, and compensation policies and practices.

16.     Defendant, Alexian Village of Milwaukee, Inc. ("Defendant Alexian Village"), was, at all material times herein, a Wisconsin entity with a principal address of 9301 North 76th Street, Milwaukee, Wisconsin 53717.

17.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), one of the physical locations, or senior living "communities," that Defendant Ascension, via "Ascension Living," or "Ascension Senior Living," owned, operated, and managed in the State of Wisconsin was Defendant Alexian Village, located at 9301 North 76th Street, Milwaukee, Wisconsin 53717.

18.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work as an hourly-paid, non-exempt Associate in the State of Wisconsin at Defendant Alexian Village on Defendants' behalf, at Defendants' direction, for Defendants' benefit, and/or with Defendants' knowledge.

19.     For purposes of the FLSA, Defendants, individually and collectively, were "employers" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

20.     For purposes of the WWPCL, Defendants, individually and collectively, were "employers" of Plaintiff, and Plaintiff was "employed" by Defendants, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

21.     During the relevant time periods as stated herein, Defendants were engaged in "commerce" and/or their employees were engaged in "commerce," as that term is defined under the FLSA.

22. During the relevant time periods as stated herein, Defendants, individually and collectively, employed more than two (2) employees.

23. During the relevant time periods as stated herein, Defendants' annual dollar volume of sales or business, individually and collectively, exceeded $500,000.

24. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

25. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint, (ECF No. 1).

26. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants supervised Plaintiff's and all other hourly-paid, non-exempt Associates' day-to-day activities.

27. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants hired, terminated, promoted, demoted, and suspended Plaintiff and all other hourly-paid, non-exempt Associates.

28. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Associates.

29. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established Plaintiff's and all other hourly-paid, non-exempt Associates' work schedules and provided Plaintiff and all other hourly-paid, non-exempt Associates with work assignments and hours of work.

30.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Associates abided in the workplace.

31.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Ascension maintained an Employee Handbook – titled, "Ascension Senior Living Associate Handbook" – that established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Associates employed by Defendants abided in the workplace.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt Associates' employment-related questions, benefits-related questions, and workplace issues.

33.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt Associates employees for hours worked and/or work performed.

## **GENERAL ALLEGATIONS**

34.     In approximately June 2014, Defendant Alexian Village hired Plaintiff into the position of Certified Nursing Assistant working at Defendant Alexian Village in Milwaukee, Wisconsin.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Ascension purchased Defendant Alexian Village.

36.     At the time that Defendant Ascension purchased Defendant Alexian Village, Plaintiff continued her employment at Defendant Alexian Village as an employee of Defendants.

37.     Plaintiff is still currently employed by Defendants.

38.     During Plaintiff's employment with Defendants, Plaintiff primarily performed compensable work on Defendants' behalf, with Defendants' knowledge, for Defendants' benefit, and/or at Defendants' direction at Defendant Alexian Village.

39.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Associates employed by Defendants were employed in hourly-paid, non-exempt job positions.

40.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt Associates.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt Associates.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt Associates for all hours worked, work performed, and remuneration earned each workweek.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Associates frequently worked in excess of forty (40) hours per workweek.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt Associates frequently worked in excess of forty (40) hours per workweek.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt Associates on a bi-weekly basis.

46.      Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants compensated Plaintiff and all other hourly-paid, non-exempt Associates on a bi-weekly basis via paycheck and/or pay card.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' workweek for FLSA and WWPCL purposes was Sunday through Saturday.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt Associates' hours worked each workday and each workweek via their electronic timekeeping system.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' electronic timekeeping system impermissibly rounded Plaintiff's and all other hourly-paid, non-exempt Associates' recorded hours of work for Defendants' benefit (and to said employees' detriment), depriving Plaintiff and all other hourly-paid, non-exempt Associates of compensation for hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Associates used Defendants' electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

51.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Associates performed compensable work immediately after "clocking in" via Defendants' electronic timekeeping system at the beginning of their shifts each work day.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant Ascension's Employee Handbook stated, among other things: "An associate who clocks in and does not directly report to his or her work area will be subject to corrective action up to and including termination."

53.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Associates performed compensable work immediately prior to "clocking out" via Defendants' electronic timekeeping system at the end of their shifts each work day.

54.     Each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants required Plaintiff and all other hourly-paid, non-exempt Associates to record their hours worked and work performed by "clocking in" at the beginning of their shifts (when compensable work commenced) and "clocking out" at the end of their shifts (when compensable work ceased) via Defendants' electronic timekeeping system.

55.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Associates used Defendants' electronic timekeeping system to record all hours worked and work performed each work day and each workweek.

56.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Associates' "clock in" and "clock

out" times each work day via Defendants' electronic timekeeping system were kept, stored, and/or retained by Defendants.

57.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Associates' "clock in" and "clock out" times each work day via Defendants' electronic timekeeping system recorded, reflected, and represented the actual hours worked and work performed each work day and each workweek by Plaintiff and all other hourly-paid, non-exempt Associates.

58.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours actually worked and/or work performed each work day and each workweek as recorded, reflected, and represented via Defendants' electronic timekeeping system by rounding said Associates' actual "clock in" and "clock out" times in their favor and to the detriment of said Associates.

59.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours actually worked and/or work performed each work day and each workweek as recorded, reflected, and represented via Defendants' electronic timekeeping system by rounding said Associates' actual "clock in" times forward to the nearest quarter-hour.

60.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants' pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours actually worked and/or work performed each work day and each workweek as recorded, reflected, and represented via Defendants' electronic

timekeeping system by rounding said Associates' actual "clock out" times backwards to the nearest quarter-hour.

61.  During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendants shaved compensable work performed from Plaintiff's and all other hourly-paid, non-exempt Associates' timesheets each work day and each workweek by failing to compensate Plaintiff and all other hourly-paid, non-exempt Associates when compensable work commenced each work day (as recorded, reflected, and represented via Defendants' electronic timekeeping system). Instead, Defendants compensated Plaintiff and all other hourly-paid, non-exempt Associates based on Plaintiff's and all other hourly-paid, non-exempt Associates' rounded time each workweek via their electronic timekeeping system.

62.  Within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendants changed their uniform compensation practice applicable to Plaintiff and all other  hourly-paid, non-exempt Associates by no longer rounding said Associates' actual "clock in" and "clock out" times via their electronic timekeeping system in its favor (and to the detriment of said Associates) each work day and each workweek (and compensating said Associates based on these rounded times) – instead programming their electronic timekeeping system to record Associates' actual "clock in" and "clock out" times each work day and each workweek and compensating said Associates based on same.

63.  Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants did not compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

64.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Associates' hours worked and work performed each workweek were an integral and indispensable part and in furtherance of the job duties and job responsibilities of their positions.

65.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Associates were legally entitled to compensation for any and all hours worked or work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

66.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates at the correct and lawful rate of pay for all hours worked and work performed each workweek, including at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek.

67.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants' unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt Associates being deprived of compensation for all hours worked and work performed each workweek, including at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek.

68.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours worked each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek

69.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants were or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours worked and work performed each workweek, including at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

70.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All current and former hourly-paid, non-exempt Associates employed by Defendants within the three (3) years immediately preceding the filing of the Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendants' impermissible and unlawful time shaving and rounding.

71.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

72.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to compensation for all hours worked, including at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

73.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendants, as a matter of policy and/or practice, failed to compensate Plaintiff and the FLSA Collective for all hours of compensable work performed each workweek, including at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

74.     Defendants' unlawful policy and/or practice as it relates to time shaving and rounding as described herein failed to compensate and deprived the FLSA Collective of compensation, including overtime compensation, due and owing to them, in violation of the FLSA.

75.     Defendants' deliberate failure to properly compensate the FLSA Collective in such fashions as described in the aforementioned paragraph(s) violated federal law as set forth in the FLSA.

76.     Plaintiff's First Claim for Relief is brought under and maintained as an opt-in Collective Action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), by Plaintiff and on behalf of the FLSA Collective.

77.     The FLSA Collective claim may be pursued by those who affirmatively opt-into this case, pursuant to 29 U.S.C. § 216(b).

78.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour suffered or permitted to work, including overtime compensation at their proper and lawful overtime rates of pay. Plaintiff's claims as stated herein are the same as those of the FLSA Collective.

79.     Plaintiff and the FLSA Collective seek relief on collective bases challenging, among any other FLSA violations, Defendants' practices of failing to lawfully compensate employees for all hours worked at an overtime rate of pay for all hours worked in excess of forty (40) hours in a workweek.

80.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, and addresses are readily available

from Defendants. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendants and through posting at Defendants' facilities in areas where postings are normally made.

81.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

82.     Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former hourly-paid, non-exempt Associates employed by Defendants in the State of Wisconsin within the two (2) years immediately preceding the filing of the Complaint (ECF No. 1) who have not been compensated for all hours worked each workweek at their regular or agreed-upon rate of pay and/or at an overtime rate of pay for hours worked in excess of forty (40) in a workweek as a result of Defendants' impermissible and unlawful time shaving and rounding.

83.     The members of the Wisconsin Class are readily ascertainable. The number and identity of the members of the Wisconsin Class are determinable from the records of Defendants. The job titles, length of employment, and the rates of pay for each member of the Wisconsin Class are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

84.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of the Wisconsin Class.

85.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All members of the Wisconsin Class were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all members of the Wisconsin Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class. Plaintiff and other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

86.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to them. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

87.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual members of the Wisconsin Class are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Class to redress the wrongs done to them.

88.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

89.     Defendants have violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

90.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendants' actions include, without limitation, the following: (a) Whether the work performed by Plaintiff and the Wisconsin Class was compensable under Wisconsin law; (b) Whether Defendants engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Class to perform work for Defendants' benefit without being properly and lawfully compensated; (c) Whether Defendants failed to pay

the Wisconsin Class for all work Defendants suffered or permitted them to perform; and (d) The nature and extent of class-wide injury and the measure of damages for the injury.

91.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime
### (Plaintiff on behalf of herself and the FLSA Collective)

92.     Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

93.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

94.     At all times material herein, Defendants were employers of Plaintiff and the FLSA Collective as provided under the FLSA.

95.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendants as provided under the FLSA.

96.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

97.     Defendants were (and are) subject to the overtime pay requirements of the FLSA because Defendants are enterprises engaged in commerce and/or their employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

98.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of good for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

99.     Defendants violated the FLSA by suffering or permitting Plaintiff and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice shaved time from the FLSA Collective's timesheets for all hours worked and/or work performed each workweek while "clocked in" via Defendants' electronic timekeeping system by compensating Plaintiff and the FLSA Collective based on rounded "clock" times as opposed to all hours actually worked each workweek. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

100.     Defendants' failure to properly compensate Plaintiff and the FLSA Collective was willfully perpetrated. Defendants also have not acted in good faith or with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendants acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

101.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
### Violations of the WWPCL – Unpaid Overtime
### <u>(Plaintiff, on behalf of herself and the Wisconsin Class)</u>

102.    Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

103.    At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

104.    Throughout the Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

105.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

106.    Defendants willfully violated the WWPCL by suffering or permitting Plaintiff and the Wisconsin Class to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendants' unlawful compensation practice shaved time from the Wisconsin Class' timesheets for all hours worked

and/or work performed each workweek while "clocked in" via Defendants' electronic timekeeping system by compensating Plaintiff and the Wisconsin Class based on rounded "clock" times as opposed to all hours actually worked each workweek.

107. As set forth above, Plaintiff and the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

108. Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

<b>THIRD CLAIM FOR RELIEF</b>
<b>Violations of the WWPCL – Failure To Pay Regular and Agreed Upon Wages</b>
<b><u>(Plaintiff, on behalf of herself and the Wisconsin Class)</u></b>

109. Plaintiff, on behalf of herself and the Wisconsin Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

110. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendants within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendants were employers of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendants employed Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

111.    Throughout the Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

112.    At all relevant times, Defendants had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class compensation owed.

113.    Plaintiff and the Wisconsin Class have been entitled payment from Defendants at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Class pursuant to Wis. Stat. § 109.03.

114.    Defendants willfully violated the WWPCL by suffering or permitting Plaintiff and the Wisconsin Class to perform work without being properly or lawfully compensated for each hour worked each workweek. Specifically, Defendants' unlawful compensation practice shaved time from the Wisconsin Class' timesheets for all hours worked and/or work performed each workweek while "clocked in" via Defendants' electronic timekeeping system by compensating Plaintiff and the Wisconsin Class based on rounded "clock" times as opposed to all hours actually worked each workweek.

115.    As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

116.    Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendants pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Associates employed by Defendants informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendants to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Associates damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Associates damages in the form of reimbursement for unpaid regular or agreed-upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the WWPCL;

g) Issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Associates liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendants to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Associates for the costs and attorneys' fees

expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt Associates with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 17th day of March, 2020

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
dpotteiger@walcheskeluzi.com