UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CARLA SMITH and NICOLE BROWN,
on behalf of themselves and all
others similarly situated,

      Plaintiff,                                    Case No. 20-cv-421-BHL

     v.

ASCENSION HEALTH SENIOR CARE, *et al*.,

      Defendants.

## PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARDS

NOW COME Plaintiffs, Carla Smith and Nicole Brown, on behalf of themselves and all others similarly situated, by and through their counsel, Walcheske & Luzi, LLC, and hereby respectfully motion this Court for approval of Plaintiffs' Service Awards on the grounds set forth below.

    1.      The Seventh Circuit has recognized that, in appropriate cases, class representatives may be entitled to service awards. *See Spicer v. Chi. Bd. Options Exch.*, 844 F. Supp. 1226, 1267 (N.D. Ill. 1993) (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 571 (7th Cir. 1992)). The amount of the award can reflect the extent to which the class has benefitted from the plaintiff's efforts to protect the interests of the class and the amount of time and effort expended. *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

    2.      Plaintiffs are the only named plaintiffs in this litigation. By prosecuting this action as the only named plaintiffs, Plaintiffs assumed significant risks: "if the class action suit fails, no incentive will be made," *Espenscheid v. DirectSat USA, LLC,* 688 F.3d 872, 876 (7th Cir. 2012),

and "should the suit fail, [they] may find [themselves] liable for the defendant's costs or even, if the suit is held to have been frivolous, for the defendant's attorneys' fees." *Id*. "The incentive reward is designed to compensate [them] for bearing these risks, as well as for any time…participating in the litigation as any plaintiff must do." *Id.*

3. As part of their settlement, the parties have agreed that Plaintiff Carla Smith will receive a Service Award, subject to Court approval, in the total amount of $2,500.00, and that Plaintiff Nicole Brown will receive a Service Award, subject to Court approval, in the total amount of $1,000.00. (*See* ECF No. 97-1, ¶¶ 1(x), 2(b).) Defendants do not oppose the request.

4. Plaintiffs' Service Awards were negotiated and agreed upon separate from the Settlement Fund created for Settling Plaintiffs. (*Id.* at ¶ 2(b).) Accordingly, awarding Plaintiffs such Service Awards, as well as the amounts thereof, do not impact or otherwise affect the amounts allocated and payable to Settling Plaintiffs in any way. (*Id.*)

5. Plaintiffs' Service Awards are reflective of their extensive involvement in this case, their work with counsel in bringing and further prosecuting this matter, the monetary success of the parties' settlement, and the extent to which class members have benefitted from Plaintiffs' efforts to protect and pursue their legal and monetary interests.

6. Plaintiffs' Service Awards and the amounts thereof are fair, reasonable, and comparable vis-à-vis other service awards granted to other lead plaintiffs in multi-plaintiff cases under the Fair Labor Standards Act, as amended, and Wisconsin's Wage Payment and Collection Laws in this District. *See, e.g.*, *Todd v. AA Healthcare Management LLC, et al,* No. 20-cv-1744-BHL, ECF No. 58 (E.D. Wis. Aug. 5, 2022); *Myles, et al. v. Wellpath LLC,* No. 20-cv-1498-SCD, ECF No. 48 (E.D. Wis. July 11, 2022); *Sato v. Puratos Corp.*, No. 21-cv-173-JPS, ECF No. 34 (E.D. Wis. March 25, 2022); *Smith v. Alexian Village of Milwaukee, Inc.*, No. 20-cv-1308-JPS

(E.D. Wis. Jan. 31, 2022); *Kelly v. Hudapack Metal Treating, Inc.*, No. 20-cv-130-BHL, ECF No. 37 (E.D. Wis. June 24, 2021); *Hoaglan v. Heritage Senior Living, LLC*, No. 19-cv-1361-LA, ECF No. 30 (E.D. Wis. Mar. 19, 2021); *Henderson, et. al. v. Russ Darrow Group, Inc.*, No. 20-cv-1421-JPS, ECF No. 51 (E.D. Wis. Mar. 16, 2021); *Henderson v. Automated Pet Care Products, Inc.*, No. 19-cv-1640-LA, ECF No. 41 (E.D. Wis. Feb. 9, 2021); *Medina v. Automax Financial, LLC*, No. 19-cv-1582-JPS, ECF No. 41 (E.D. Wis. Jan. 29, 2021); *Schmitt v. Color Craft Graphic Arts, LLC*, No. 19-cv-1705-WCG, ECF No. 40 (E.D. Wis. Nov. 13, 2020); *Bills v. TLC Homes, Inc.*, No. Case No. 19-cv-148-PP, ECF No. 53 (E.D. Wis. Oct. 8, 2020); *Clark v. Brunswick Corp.*, No. 19-cv-141-WCG, ECF No. 44 (E.D. Wis. May 22, 2020).

7. **WHEREFORE**, Plaintiffs respectfully request that this Court grant their unopposed Motion and award them service awards in the amounts of $2,500.00 to Plaintiff Carla Smith, and $1,000.00 to Plaintiff Nicole Brown, as set forth herein and as agreed upon by the parties.

Dated this 16th day of September, 2022

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        s/ *James A. Walcheske*
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1065635

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com

3